UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
STUART JACKSON,

                Plaintiff,

     -against-                                          11 Civ. 5826 (LAK)

NEW YORK COUNTY ASSISTANT DISTRICT
ATTORNEY SEEWALD, et al.,

                Defendants.
------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On January 14, 2013, Magistrate Judge James C. Francis IV issued a report and recommendation (the "R&R") recommending that the motion of various defendants who are or were employees of the New York County District Attorney's Office (the "DA Defendants") to dismiss the complaint as to them be granted in all respects except that it be denied insofar as it seeks dismissal of the false arrest claims against defendants Seewald and Wigdor. Seewald and Wigdor object, arguing that (1) the complaint's allegation that "[t]he District Attorney defendants issued legal process to place Mr. Jackson under arrest" (Cpt. ¶ 141) established probable cause as a matter of law, and in any case (2) the allegations of the complaint, assuming them to be true as is required on a motion such as this, independently established probable cause.

        The first point is without merit. As the R&R acknowledged:[1]

> "'where the illegal imprisonment is pursuant to legal process which is valid on its face, the State cannot be held liable in damages for wrongful detention'" unless the court issuing the process lacked jurisdiction.

While it is true that the complaint alleges that "[t]he District Attorney defendants issued legal process to place Mr. Jackson under arrest," it does not allege the nature of the process or that it was valid on its face. Accordingly, while it appears that the plaintiff would have to thread the eye of a very small needle to avoid summary judgment on the false arrest claim, the fact remains that the allegations of

---

[1] R&R at 21 (quoting *Collins v. State,* 69 A.D.2d 46, 51, 887 N.Y.S.2d 400, 404 (4th Dept. 2009), in turn quoting *Harty v. State of New York,* 29 A.D.2d 243, 244, 287 N.Y.S.2d 306, 307 (3d Dept. 1968)).

2

the complaint do not foreclose that possibility. Accordingly, there was no error in rejecting this argument. Moreover, it would be especially inappropriate to overturn the recommendation on this point in light of the fact that these defendants first raised this argument in their objections rather than before the Magistrate Judge. *See* R&R, at 21-22.

The second point also is unpersuasive. As Magistrate Judge Francis concluded, there are disputed issues of fact as to the critical events. This makes it impossible to determine the probable cause/immunity issue on the pleadings. Moreover, the movants' objections are based on an erroneous and, indeed, entirely indefensible premise - viz., that anything attached to the complaint may be considered *for the truth of the matters asserted therein*. For example, they rest at least part of their contention that the complaint and matters integral to it establish probable cause as a matter of law based on the grand jury and trial testimony of Roger Stavis, thus suggesting that that testimony must be accepted as true for purposes of the motion.

In fact, the law is to the contrary. Documents integral to a complaint properly are considered on a motion to dismiss for the fact that the statements contained therein were made but, ordinarily, not for the truth of those statements. *In re Lehman Bros. Sec. and Erisa Litig.*, No. 09 MD 2017 (LAK), 2012 WL 4866504, at *4 (S.D.N.Y. Oct. 15, 2012); *In re Lehman Bros. Sec. and Erisa Litig.*, 799 F. Supp.2d 258, 273 (S.D.N.Y. 2011); *see Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 424-25 (2d Cir. 2008). Moreover, the complaint here specifically alleges that important parts of Stavis' testimony were false. *E.g.*, Cpt. ¶¶ 62-63. Surely the plaintiff did not adopt the truth of the testimony that he claims was false by attaching the allegedly false testimony to the complaint.

Accordingly, the motion of various defendants who are or were employees of the New York County District Attorney's Office (the "DA Defendants") to dismiss the complaint as to them be granted in all respects except that it be denied insofar as it seeks dismissal of the false arrest claims against defendants Seewald and Wigdor.

SO ORDERED.

Dated:     February 14, 2013

_____
Lewis A. Kaplan
United States District Judge